# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) ) ) | |
| *Plaintiff*, | ) ) | |
| | ) | **No. 3:06-cv-0593** |
| **CARLOTA FREEMAN,** | ) | **Judge Nixon** |
| | ) | |
| *Intervenor Plaintiff*, | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **WHIRLPOOL CORPORATION,** | ) | |
| | ) | |
| *Defendant*. | ) | |

## ORDER

Pending before the Court are Intervenor Plaintiff Carlota Freeman's ("Plaintiff") First

Motion for Attorney Fees and Costs ("First Fee Motion") (Doc. No. 209), which was filed along

with a Memorandum in Support (Doc. No. 210), and Second Motion for Attorney Fees and Costs

("Second Fee Motion") (Doc. No. 229) (collectively, "Plaintiff's Fee Motions"). Also pending

before the Court is Plaintiff's Motion for Review of the Final Taxation of Costs ("Motion for

Review"). (Doc. No. 223.) Defendant Whirlpool Corporation ("Defendant") has filed a

Response in Opposition to Plaintiff's Fee Motions (Doc. No. 231), as well as a Response in

Opposition to Plaintiff's Motion for Review (Doc. No. 224). For the reasons discussed herein,

Plaintiff's Fee Motions and Plaintiff's Motion for Review are **GRANTED**, with the

modifications discussed herein. Defendant is **ORDERED** to pay attorney's fees and costs

consistent with this Order.

## I.    BACKGROUND

### A.    *Factual Background*

The Court adopts the Findings of Fact section of the Memorandum Order entering

judgment in favor of Plaintiff (Doc. No. 194 at 2-6), unless otherwise noted.

### B.    *Procedural Background*

The Equal Employment Opportunity Commission (EEOC) initiated this suit against

Defendant on June 6, 2006.  (Doc. No. 1.)  Plaintiff intervened in the action on July 24, 2006,

and alleged causes of action for impermissible racial and sexual discrimination in violation of

Title VII and 42 U.S.C. § 1981.  (Doc. No. 9.)  A bench trial was held from February 24 to 27,

2009, and this Court ruled in Plaintiff's favor on all claims.  (Doc. No. 194.)  The Court awarded

total damages in the amount of $1,073,261.00 ($773,261.00 in front pay and back pay and

$300,000.00 in compensatory damages).  (*Id.*)  Defendant filed a Motion to Alter or Amend the

Judgment on January 15, 2010.  (Doc. No. 196.)

Plaintiff's First Fee Motion (Doc. No. 209) and supporting Memorandum (Doc. No. 210)

were filed on February 20, 2010.  Defendant filed a Response in Opposition (Doc. No. 213) and

a Memorandum in Support (Doc. No. 214) on March 1, 2010.  The Clerk of Court entered a

Taxation of Costs against Defendant in the amount of $4,570.95 on March 5, 2010.  (Doc. No.

217.)  The parties jointly filed a Motion to Stay Plaintiff's First Fee Motion (Doc. No. 220) on

March 9, 2010, pending the outcome of Defendant's Motion to Alter or Amend the Judgment,

which this Court granted (Doc. No. 222).  While Defendant's Motion to Alter or Amend was

pending, Plaintiff filed her Motion for Review on March 22, 2010.  (Doc. No. 223.)  This Court

then denied Defendant's Motion to Alter or Amend the Judgment on March 31, 2011.  (Doc. No.

226.)  Plaintiff subsequently filed her Second Fee Motion on April 14, 2011.  (Doc. No. 229.)

## II.    LEGAL STANDARD

District courts have discretion pursuant to 42 U.S.C. § 1988 to award reasonable attorney's fees to a prevailing party in a civil rights suit. *Loudermill v. Cleveland Bd. of Educ.*, 844 F.2d 304, 310 (6th Cir. 1988). Although discretionary, a district court should award fees to a plaintiff if that plaintiff prevails. *Gregory v. Shelby Cnty., Tenn.*, 220 F.3d 433, 447 (6th Cir. 2000) (*citing Newman v. Piggie Park Enters., Inc.*, 390 U.S. 400, 402-03 (1968)). The first step in calculating reasonable attorney fees "is the determination of the fee applicant's 'lodestar,' which is the proven number of hours reasonably expended on the case by an attorney, multiplied by a reasonable hourly rate." *Isabel v. City of Memphis*, 404 F.3d 404, 415 (6th Cir. 2005) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The court should consider twelve factors when determining the reasonableness of the hours and rate:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Hensley*, 461 U.S. at 430 n.3.

Generally, there is a "strong presumption" that a prevailing party is entitled to the lodestar amount. *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 350 (6th Cir. 2000) (citing *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)). However, a court may adjust the lodestar "to reflect relevant considerations" of the particular case, including the abovementioned twelve factors. *Adcock-Ladd*, 227 F.3d at 349. "'Many of these factors usually are subsumed

within the initial calculation of hours reasonably expended at a reasonable hourly rate.'" *Geier v. Sundquist*, 372 F.3d 784, 792 (6th Cir. 2004) (quoting *Hensley*, 461 U.S. at 434 n.9). In most cases, "the most crucial factor is the degree of success obtained." *Hensley*, 461 U.S. at 436. Although district courts have discretion in determining the proper award, they must "consider the relationship between the extent of success and the amount of the fee award." *Id.* at 438. Ultimately, district courts should "focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id.* at 435.

III. **ANALYSIS**

Plaintiff seeks attorney's fees and costs pursuant to Federal Rule of Civil Procedure 54, 42 U.S.C. § 1981, and 42 U.S.C. § 2000e, for work completed over the course of almost five years of litigation. Throughout this action, Plaintiff has been represented by two attorneys: Helen Rogers of Nashville, Tennessee, and Andy L. Allman, of Hendersonville, Tennessee. (Doc. Nos. 209, 229.) Plaintiff requests $187,342.90 for Ms. Rogers' services and $56,105.00 for Mr. Allman's services, for a total of $243,447.90. (Doc. Nos. 210-1, 210-2, 229-1, 229-2.) Additionally, Plaintiff requests $37,5141.97 in costs and expenses related to the litigation. (*Id.*) Thus, the full amount that Plaintiff seeks from Defendant is $280,959.87. Defendant raises several challenges to Plaintiff's request, which are addressed below.

A. *Identification of Timekeepers and Reasonableness of Fees*

Plaintiff seeks a total of $77,849.90 for seven employees performing work for Ms. Rogers over the course of litigation. Defendant urges the Court to refuse Plaintiff's request for these employees' fees because Ms. Rogers "does not identify seven timekeepers or provide supporting documentation to justify the reasonableness of their fees." (Doc. No. 231 at 2.)

Specifically, Defendant alleges that Plaintiff "has not met her burden of establishing that the rate or amount of time billed is reasonable with regard to the following timekeepers: Lawrence Kamm ($1,935.50), Katie Marcottee ($45.00), Robin Barry ($970.00), Alan Gentry ($13,155.65), Nancy Hardt ($61,072.75), Audrey Anderson ($150.00), and Charla Chumney ($521.00)." (*Id.* at 3.) Defendant argues that Plaintiff's failure to identify the positions and qualifications of each employee – whether they are lawyers, paralegals, or administrative staff – precludes recovery for these fees. (*Id.* at 4.)

"The party seeking attorneys fees bears the burden of documenting [her] entitlement to the award." *Reed v. Rhodes*, 179 F.3d 453, 472 (6th Cir. 1999) (citing *Webb v. Dyer Cnty. Bd. of Educ.,* 471 U.S. 234, 242 (1985)). In order to enable the Court to make a determination regarding the reasonableness of the hours and rates requested, "[t]he fee applicant 'should submit evidence supporting the hours worked and rates claimed.'" *Reed*, 179 F.3d at 472 (citing *Hensley*, 461 U.S. at 433). Where the documentation is inadequate, the court may reduce the award accordingly. *Hensley*, 461 U.S. at 433.

Defendant is correct in asserting that Plaintiff's documentation in support of the hourly rate charged to each of the seven employees listed above is insufficient. This Court is unable to determine with a high degree of certainty that some of the listed employees are entitled to the rate at which Plaintiff requests compensation. However, Ms. Rogers' affidavit in support of the fees provides some indication of the qualifications and positions of her employees, from which the Court can deduce that these employees are paralegals. After discussing the traditional hourly rates for attorneys in her practice, Ms. Rogers stated that she "charge[s] between Seventy-Five Dollars ($75) and One Hundred Dollars ($100) per hour for [her] paralegals' time." (Doc. No. 210-2 at 2.) Ms. Rogers further stated that her "paralegals are experienced in this field and

5

assisted greatly in this case . . . [and] have undergraduate degrees and paralegal certificates."
(*Id.*)  Plaintiff's First Fee Motion only identifies two attorneys from Ms. Rogers' office who
worked on this case: Ms. Rogers and Siew-Ling Shea.  (*Id.*)  From this information, the Court
finds that the remaining employees are paralegals, since they were not identified specifically as
attorneys and were billed at rates consistent with the firm's standard paralegal range.

Fees for paralegal services are recoverable; the Supreme Court has found that the term
"attorney fees" as used in 42 U.S.C. § 1988 embraces the fees of paralegals as well as attorneys.
*Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 580 (2008).  In determining the reasonableness
of paralegal fees, "the court should scrutinize the reported hours and suggested rates in the same
manner it scrutinizes lawyer time and rates."  *Ramos v. Lamm*, 713 F.2d 546, 559 (10th Cir.
1983).  Although Plaintiff provides significant documentation on the hourly activities of each
employee, counsel for Plaintiff failed to provide evidence to justify her request for these
employees' hourly rates, nor does counsel provide evidence that these requested rates are the
prevailing market rate for paralegal work.  A judge in this District, when faced with the same
lack of documentation or support for paralegal fees of upwards of $100.00 per hour, found that
$75.00 per hour for paralegal time was the appropriate rate.  *Baltimore v. City of Franklin*, No.
06-0578, 2008 WL 2437637, at *6 (M.D. Tenn. June 16, 2008).  Accordingly, in light of
*Baltimore* and the lack of documentation provided by Ms. Rogers justifying higher hourly rates,
the Court will award those employees that it has determined to be paralegals a rate of $75.00 per
hour for the hours reasonably expended on this litigation.

Based on Ms. Rogers' affidavit and the requested rates, the Court assumes that the
following employees are paralegals: Lawrence Kamm, Audrey Anderson, Robin Barry, Alan
Gentry, Nancy Hardt, and Carla Chumney.  Accordingly, the Court will award Plaintiff fees for

these employees at the rate of $75.00 per hour for the hours that they reasonably expended on this litigation.

The Court cannot assume, however, that Ms. Marcottee is a paralegal. Plaintiff requests a total of $45.00 for her work at a rate of $45.00 per hour. This requested rate falls well below the standard range for paralegals at Helen Rogers & Associates. (Doc. No. 210-2 at 2.) The Court therefore assumes that Ms. Marcottee is neither a paralegal nor an attorney. Owing to the lack of sufficient detail regarding her position or qualifications, the Court finds the documentation inadequate to support an award of fees for Ms. Marcottee's work. Accordingly, the Court will reduce Plaintiff's request for fees as it pertains to work performed by Ms. Marcottee in the amount of $45.00.

### B.    Reasonableness of Attorney Helen Rogers' Hourly Rates

Plaintiff seeks an hourly rate for Ms. Rogers ranging from $150.00 to $350.00 per hour for 286.35 hours over the course of litigation, for a total of $92,165.00. Defendant urges the Court to reduce Plaintiff's requested fees for Ms. Rogers because "the hourly rates for work performed by [Plaintiff's] attorneys are unreasonable." (Doc. No. 231 at 2.) Specifically, Defendant argues that "Ms. Rogers' rate should be reduced to account for the drastic increase of her billing rate over the course of this litigation," because "[t]here is no explanation provided as to how the [hourly] rates were calculated or what system was used to determine the amount or timing of rate increases." (*Id.* at 5.) Defendant proposes that the Court award Ms. Rogers an hourly rate of $225.00 for all hours billed above that rate, for a total reduction of $29,323.75. (*Id.* at 5.)

Ms. Rogers' affidavit reveals that Ms. Rogers has practiced law since 1980 and is a senior member of her firm. (Doc. No. 210-2 at 1.) Additionally, she is certified as a Civil Trial

Specialist by the Tennessee Commission of Continuing Legal Education & Specialization and the National Board of Trial Advocacy, and she is a Rule 31 Mediator. (*Id.*) However, Plaintiff provides no supportive documentation justifying or explaining the multiple increases in Ms. Rogers' hourly billing rate from $150.00 to $350.00 during the course of this litigation. Ms. Rogers' affidavit only enumerates her professional qualifications and states that her "usual and customary rates for professional services since 2004 when [she] began representing [Plaintiff] . . . has ranged from One Hundred Fifty Dollars ($150) per hour to Three Hundred Fifty Dollars ($350) per hour." (Doc. No. 210-2 at 2-3.) Plaintiff states in conclusory fashion that the "hourly rates billed for the attorneys involved in this case are in keeping with the market rates prevailing in the community for similar services by lawyers of reasonable skill, experience, and reputation" (Doc. No. 210 at 6), but provides no documentary support other than the affidavit of Plaintiff's counsel to substantiate such a claim.

In 2008, a judge in this District awarded a rate of $250.00 to $275.00 per hour to three attorneys who provided documentary support indicating that their rates "were consistent with fee awards to other Nashville-based attorneys in other civil rights cases before courts in this district." *Ibarra v. Barrett*, No. 05-0971, 2008 WL 2414800, at *2 (M.D. Tenn. June 12, 2008). On another occasion, after ordering a decrease from a requested hourly rate of $350.00 per hour, a judge in this District granted an hourly rate of $275.00 per hour for an attorney who had been in private practice for fifteen years and focused his practice on civil rights. *Randolph v. Schubert*, No. 06-0050, 2007 WL 2220407, at *2-3 (M.D. Tenn. July 27, 2007). In both cases, the rates requested by the attorneys were supported by affidavits from outside counsel. Plaintiff has provided no such documentary support here, nor justification as to why or how she earned a more than a 100 percent increase in her hourly billing rate during the course of this litigation.

The Court is persuaded that Ms. Rogers' proposed hourly rates of $300.00 and $350.00 are excessive based on awards in recent cases involving lawyers with similar experience, and the lack of sufficient evidence provided to justify her rate as comporting with prevailing market values. However, based on Ms. Rogers' substantial experience and the rates awarded to similarly experienced attorneys in this District, the Court finds that Defendant's proposed reduction in Ms. Rogers' rate is too drastic. Further, this Court has acknowledged that in some instances it is appropriate to stagger an attorney's hourly rate over the course of litigation. *Harris v. Metro. Gov't of Nashville*, No. 04-0762, 2009 WL 2423306, at *4 (M.D. Tenn. Aug. 6, 2009). Accordingly, in light of the prevailing market rates that judges within this District have acknowledged, the Court finds that a reduction to $275.00 per hour is warranted for Ms. Rogers' hours billed at or above $300.00. The Court will not otherwise reduce Ms. Rogers' rates for hours that were reasonably expended on this litigation.

### C.     *Reasonable Relation of Time Spent to Litigation*

Defendant further urges the Court to reduce Plaintiff's requested fees because "the time spent [by Plaintiff's attorneys] was not reasonably related to the litigation." (Doc. No. 231 at 2.) Specifically, Defendant alleges that Plaintiff's counsel seeks to recover "at least $6,595.50 in fees for time spent on work for other cases or unrelated matters," such as "time spent related to [Plaintiff's] claim for social security disability benefits, for workers' compensation benefits, and other matters unrelated to this case." (*Id.* at 6.) Defendant objects to a total of sixty-two individual entries for time spent by Ms. Rogers and her employees. (Doc. No. 231-1.)

The Supreme Court has held that a district court should exclude from the lodestar calculation hours that were not "reasonably expended" on pursuing the immediate litigation. *Hensley*, 461 U.S. at 434. As such, "[c]ounsel for the prevailing party should make a good faith

9

effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice is ethically obliged to exclude such hours from his fee submission." *Id.* Where "[n]o information has been provided regarding the relevance or relationship of the other matters . . . for which professional time was expended to the present case," fees requested for time spent on those matters will be rejected. *Tobin v. Gordon*, 614 F. Supp. 2d 514, 526-27 (D. Del. 2009). The Court therefore declines to award to Plaintiff any fees billed by her attorneys for time entries that are unrelated to her successful civil rights claims.

Defendant claims that Ms. Rogers personally billed a total of $4,007.50 for time entries unrelated to this litigation. (Doc. No. 231-1.) The Court finds that the majority of the entries Defendant claims were unrelated were, in fact, reasonable expenditures of Ms. Rogers' time as they related directly to the litigation. For example, Defendant challenges multiple entries where Ms. Rogers' time entries dealt with Martin Holmes. A review of the case docket reveals that Mr. Holmes was a co-counsel for Plaintiff (Doc. No. 83) until January 27, 2009, at which point this Court permitted him to withdraw his representation owing to a conflict of interest (Doc. No. 91), and Ms. Rogers stopped billing time entries relating to him.

Nevertheless, the Court does find that several of Ms. Rogers' time entries were not reasonably expended on this litigation. On several occasions, Ms. Rogers submitted time entries for work related to Plaintiff's Social Security Administration request, workers' compensation claims, and disability claims.[1] There is nothing in the record connecting these claims to the instant litigation. As such, the Court finds that these specific entries were not reasonably

---

[1] The Court finds that Ms. Rogers' time entries on the following dates were not reasonably expended in relation to the immediate litigation: November 8, 2007; November 11, 2007; December 12, 2007; April 24, 2008; January 18, 2009. (*See* Doc. No. 210-2 at 10, 12, 14.)

expended on this litigation. Accordingly, the Court will reduce Plaintiff's award by 3.40 hours for time spent by Ms. Rogers on matters not related to the litigation.

Similarly, the Court finds that Defendant is correct in challenging a time entry for Robin Barry on September 28, 2005, wherein Ms. Rogers billed 1.9 hours for Barry to "[d]raft response to Whirlpool position statement: letter to D. High enclosing proposed response and EEOC ltr" (Doc. No. 210-2 at 26). Defendant alleges that High was Plaintiff's workers' compensation attorney (Doc. No. 231 at 6), and the Court finds no record of High's direct involvement in this litigation. The Court therefore must assume that he is unrelated to this litigation. Because this billing entry consisted of two activities and one was unrelated to this litigation, the Court finds that a fifty percent reduction is warranted for this time entry. As such, the Court will reduce Plaintiff's award by 0.95 hours for the time spent by Robin Barry on this particular task.

Finally, the Court finds that Defendant is also correct in challenging a portion of the time entries for work performed by Nancy Hardt, which Defendant alleges is unrelated to the litigation. Ms. Hardt billed multiple entries relating to Plaintiff's workers' compensation claims, Social Security claims, and disability claims.[2] There is nothing in the record connecting these claims to the instant litigation. As such, the Court finds that these specific entries were not reasonably expended on this litigation. Where the documentation includes multiple activities per time entry and the Court can determine that the entry partially related to the litigation, the Court will only partially reduce the fees requested to account for unrelated activities. Accordingly, the

---

[2] The Court finds that Ms. Hardt's time entries on the following dates were not reasonably expended in relation to the immediate litigation: November 1, 2006; August 8, 2007; August 13, 2007; August 15, 2007; October 31, 2007; November 15, 2007 (one-half reduction); April 18, 2008 (one-half reduction); April 23, 2008; April 30, 2008; June 17, 2008; July 16, 2009; July 22, 2009; January 4, 2010 (one-third reduction); January 6, 2010; January 7, 2010; February 11, 2010, March 10, 2010 (one-half reduction); March 22, 2010; July 28, 2010 (one-half reduction); February 14, 2011 (one-half reduction). (*See* Doc. No. 210-2 at 30, 36, 41, 48-49, 59, 60-61; Doc. No. 22902 at 4-5.)

Court will reduce Plaintiff's award by 10.60 hours for time spent by Ms. Hardt on matters not related to the litigation.

**D.      *Unreasonableness or Duplication of Fees for Clerical Tasks***

Defendant further urges the Court to reduce Plaintiff's requested fees because Plaintiff's "fees sought include fees for clerical tasks not recoverable as attorneys fees or was otherwise excessive or duplicative."  (Doc. No. 231 at 2.)  Specifically, Defendant alleges that Plaintiff seeks compensation for clerical work and for fees resulting from "overstaffing or duplicative efforts, excessive overbilling, and unnecessary time spent on simplistic tasks."  (*Id.* at 7, 9.)

1.      Time Spent on Clerical Work

Defendant seeks to reduce the fees sought by two of Ms. Rogers' employees, Nancy Hardt and Alan Gentry, by seventy-five percent, arguing that approximately seventy percent of their entries "are for purely clerical tasks and the remaining entries include a reference to a clerical task with an unknown amount of time expended on said task."  (*Id.* at 8.)  Defendant argues that clerical activities, such as indexing documents, reviewing and organizing correspondence and pleadings, managing calendars, printing documents, making copies and preparing poster exhibits, should not be compensated as legal work.  (*Id.*)

A district court within the Sixth Circuit has found that "[t]ime spent by a lawyer on purely clerical matters not calling for the exercise of legal expertise or judgment, and which could be equally well performed by clerical staff, should not be recoverable under § 1988." *Tierney v. City of Toledo*, No.83-430, 1989 WL 161543, at *12 (N.D. Ohio Aug. 28, 1989). Other district courts within this Circuit have arrived at a similar conclusion, albeit for clerical fees relating to non-civil rights claims.  *See Richards v. Johnson & Johnson*, No. 08-279, 2010 WL 3219138, at *7 (E.D. Tenn. May 12, 2010) (finding that clerical tasks "are part of the

overhead cost necessary to operate any law firm, and should not be compensated by a fee award"); *Ferrero v. Henderson*, No.00-00462, 2005 WL 1802134, at *3 (S.D. Ohio July 28, 2005). Additionally, the Sixth Circuit declined to find abuse of discretion where a district court reduced a fee award by striking clerical tasks, finding that "[w]hile reviewing correspondence can constitute legal work, receiving and filing correspondence presumably constitutes clerical work." *B & G Mining, Inc. v. Dir., Office of Workers' Comp. Programs*, 522 F.3d 657, 666 (6th Cir. 2008).

In light of the foregoing, the Court will decline to award fees to Plaintiff for hours billed by her attorneys that amount to clerical tasks and constitute the overhead cost normally expected in legal practice. The Court finds no evidence for Defendant's allegation that Ms. Hardt or Mr. Gentry billed in excess of seventy percent of their time to clerical tasks. However, after reviewing their time entries, the Court finds that each billed approximately seven percent of their total billed hours to items that are classifiable as clerical. In particular, both employees repeatedly billed time for entries such as copying files, organizing documents, and mailing correspondence. As such, the Court will reduce the final hours calculated for both Mr. Gentry and Ms. Hardt by seven percent.

### 2. Duplicative, Excessive, or Unnecessary Billing

Defendant further seeks to reduce the fees sought by Ms. Rogers and her employees by five percent for duplicative efforts, overstaffing and overbilling, and unnecessary time spent on simplistic tasks. Defendant argues that Ms. Rogers' "fee submission is replete with entries for intra-office conferences, emails between counsel and paralegals in the same office, and multiple entries by many individuals to 'review' the file." (*Id.* at 9.) Defendant argues that the

"duplicative and excessive time spent on this matter is without explanation and [Defendant] should not be forced to compensate counsel for [Plaintiff] for their own inefficiency." (*Id.*)

The Sixth Circuit has recognized "the propriety of across-the-board reductions based upon excessive or unnecessary hours." *Hisel v. City of Clarksville*, No. 04-0924, 2007 WL 2822031, at *4 (M.D. Tenn. Sept. 26, 2007) (citing *Auto Alliance Intern., Inc. v. U.S. Customs Serv.,* 155 F. App'x 226, 228 (6th Cir. 2005)). However, the Sixth Circuit has also held that "time spent by counsel discussing the case is properly compensable, and the mere fact that attorneys confer with one another does not automatically constitute duplication of efforts." *Sigley v. Kuhn*, No. 98-3977, 2000 WL 145187, at *8 (6th Cir. Jan. 31, 2000) (quoting *Glover v. Johnson,* 138 F.3d 229, 252 (6th Cir. 1998)). Only in certain specific instances will the Sixth Circuit rely on "the arbitrary but essentially fair approach of simply deducting a small percentage of the total hours to eliminate duplication of services." *Northcross v. Bd. of Ed. of Memphis City Schs.*, 611 F.2d 624, 636-37 (6th Cir. 1979).

After reviewing a number of cases in which a percentage reduction was found to be warranted, the Court finds that the extent of the alleged duplicative or excessive billing in this case does not rise to the requisite level. Defendant's conclusory allegations that Plaintiff repeatedly overbilled or engaged in duplicative billing are insufficient to warrant an across-the-board reduction of Plaintiff's remaining requested fees, where the requested reduction is not proportional to the instances that Defendant cites as indicative of the overall trend of duplication or excess. Although another judge in this District has found such reductions warranted in the past, the reductions were imposed for significantly more egregious infractions that were identified at a much higher rate of occurrence. *See Hisel*, 2007 WL 2822031, at *5-6 (reducing the attorney fee award by twenty five percent for excessive billing for simplistic tasks where the

issues in the case were "hardly new or novel to Plaintiff's counsel"). As such, Defendant's request to reduce Plaintiff's fee award on these grounds is denied.

### E.      Block Billing

Defendant further urges the Court to reduce Plaintiff's requested fees by fifteen percent because Plaintiff's "block billing and vague time records prevent meaningful review." (Doc. No. 231 at 2.) Specifically, Defendant alleges that Plaintiff's "billing records contain vague entries and excessive block billing, without any means of apportioning the total time billed to individual tasks, making a detailed segregation of fees virtually impossible." (*Id.* at 12.)

Where a party provides "detailed, itemized billing records that specify, for each entry, the date that the time was billed, the individual who billed the time, the fractional hours billed (in tenths of an hour), and the specific task completed," the Sixth Circuit has held that "explicitly detailed descriptions are not required," even where "some of the time entries in counsel's billing statement provide only the briefest description of the task completed." *Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 554 (6th Cir. 2008). An across-the-board reduction of fifteen percent is unwarranted where, as here, "[c]ounsel's billing entries, when read in the context of the billing statement as a whole and in conjunction with the timeline of the litigation, support the district court's determination that the hours charged were actually and reasonably expended in the prosecution of the litigation." *Id.* (citing *United Slate, Local 307 v. G & M Roofing & Sheet Metal Co.,* 732 F.2d 495, 502 (6th Cir. 1984)). Counsel for Plaintiff satisfied that standard by enumerating in detail each activity for which she seeks recovery, as well as the increments of time spent on each item. To the extent previously discussed, the Court is able to identify distinct claims and determine with a high degree of certainty that the requested hours were actually and reasonably expended in the prosecution of the litigation. Again, Defendant's conclusory

allegations that Plaintiff's documentation is insufficient to allow adequate judicial review will not suffice in securing such a significant reduction in Plaintiff's requested fees. As such, Defendant's request to reduce Plaintiff's fee award on these grounds is denied.

### F.    *Lodestar Amount for Each Timekeeper*

After making the foregoing reductions, the Court establishes the following lodestar amounts for each timekeeper for which Plaintiff requests fees. The Court awards Plaintiff 160.3 hours billed by Mr. Allman at a rate of $350.00 per hour[3] for a total of $56,105.00. For the hours billed by Ms. Rogers, the Court awards Plaintiff 2.6 hours at $150.00 per hour, 4.0 hours at $160.00 per hour, 13.9 hours at $175.00 per hour, and 265.95 hours at $275 per hour, for a total of $76,598.75, accounting for the foregoing reductions made to her rate and hours reasonably spent on the litigation. For the hours billed by Siew-Ling Shea, the Court awards Plaintiff 4.8 hours at $100.00 per hour, 92.1 hours at $150.00 per hour, and 11.3 hours at $160.00 per hour,[4] for a total of $16,103.00. For the six employees whom the Court identified as paralegals, the Court awards Plaintiff a total of 816.43 hours at a rate of $75.00 per hour for a total of $61,232.25, accounting for the foregoing reductions made to rates and hours reasonably spent on the litigation.

### G.    *Request for Lodestar Multiplier*

Plaintiff seeks an upward adjustment of the lodestar amount to compensate for the expertise of her counsel and the success obtained, as well as the undesirability of the case. (Doc. No. 210 at 10-11.) It is unclear to the Court what multiplier Plaintiff requests, because Plaintiff's

---

[3] Defendant has not objected to this rate, and the Court finds it reasonable based on Mr. Allman's significant experience in the area of civil rights employment discrimination litigation, and the fact that his rates remained consistent throughout the course of this litigation.

[4] Defendant has not objected to these rates, and the Court finds them reasonable based on Ms. Shea's level of experience.

First Fee Motion alternately requests a lodestar multiplier of 2.0 times (*id.* at 9) or 0.75 times (*id.* at 12). Defendant objects to the imposition of any multiplier, arguing that an "upward adjustment to an attorney's lodestar hourly rate is permissible in certain rare and exceptional cases, supported by both specific evidence on the record and detailed findings." (Doc. No. 231 at 10.) Plaintiff acknowledges this same "exceptional and rare" language and appears to argue that her case satisfies such a standard. (Doc. No. 210 at 10.)

The Supreme Court recently recognized that there exist limited circumstances in which superior attorney performance is not adequately taken into account in the lodestar calculation for an award of reasonable attorney fees in a civil rights case under § 1988. *Perdue v. Kenny A. ex rel. Winn*, 130 S.Ct. 1662, 1674 (2010). However, the Supreme Court qualified this observation by stating that such "circumstances are rare and exceptional, and require specific evidence that the lodestar fee would not have been adequate to attract competent counsel." *Id.* (citing *Blum v. Stenson*, 465 U.S. 886, 899 (1984)). As such, an upward adjustment based on the quality of representation may be justified "only in the rare case where the fee applicant offers specific evidence to show that the quality of service rendered was superior to that one reasonably should expect in light of the hourly rates charged and that the success was 'exceptional.'" *Blum*, 465 U.S. at 899. Plaintiff has provided no such evidence here, other than stating that the quality of her representation was exceptional. Additionally, Plaintiff does not claim that the representation was *superior* to what was expected, or that the success obtained was exceedingly unusual or extraordinary for a comparable civil rights claim.

When faced with a Title VII racial discrimination case that dealt with a city's repeated failure to promote a minority employee, a judge in this District found that a multiplier of 0.10 to be warranted based on the difficulty of proving the employee's claim, which had developed over

17

a span of many years, and the exceptional success obtained by the employee's counsel in securing a settlement for his client. *Baltimore*, 2008 WL 2437637, at *6. However, *Baltimore* is distinguishable from the present case. Although the length and difficulty of this litigation is not disputed, Plaintiff's claims of racial and sexual harassment focused on a relatively short period of time and a few isolated incidents witnessed by multiple employees of Defendant, providing a stronger evidentiary basis from which counsel could prove Plaintiff's case. While counsel for Plaintiff was ultimately successful in securing a judgment for Plaintiff, the Court finds that the evaluation of this success has already been subsumed by the calculation of the attorneys' reasonable hourly rate. *See Geier*, 372 F.3d at 792 (quoting *Hensley*, 461 U.S. at 434 n.9) (finding that "'[m]any of [the twelve factors discussed in *Hensley*] usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate'").

Additionally, although Plaintiff secondarily requests the enhancement owing to the undesirability of the case, the Court finds the evidentiary basis for such a claim to be lacking. In *Baltimore*, the court found that "[m]any lawyers would not consider this case to be particularly 'desireable' [sic] to accept on a contingent fee basis where multiple current employees wished to sue their employer for what they considered to be a lengthy and pervasive policy or practice of racial discrimination." 2008 WL 2437637, at *5. Here, however, counsel for Plaintiff has not presented any support regarding the contingent nature of their fees nor the rationale for determining the case to be desirable short of claiming that Plaintiff would be "looked upon by the public as playing the race card to receive benefits [she is] not otherwise entitled to." (Doc. No. 210 at 12.) Furthermore, Plaintiff's attorneys only represented one party, not multiple parties, significantly lessening the complexity and burden of the litigation. Accordingly, despite

the success obtained by Plaintiff's counsel, the Court finds that a lodestar multiplier, reserved for cases in which exceptional success is obtained, is not warranted in this case.

### H. Costs Already Taxed

Plaintiff also seeks review of the Clerk of Court's Final Taxation of Costs. Defendant urges the Court to deny Plaintiff's request in its entirety because Plaintiff "cannot recover for costs already taxed on March 15th, 2010." (Doc. No. 231 at 2.) Specifically, Defendant argues that "[t]he costs sought in [Plaintiff's] Motion, are the same costs sought in the Bill of Costs," and "should be denied because the Clerk already taxed these costs and because they are not recoverable as part of the Motion for Fees." (*Id.* at 12.)

Upon receiving a Motion for Review of the Clerk of Court's Final Taxation of Costs, the Court reviews the Clerk's determination *de novo*. *Reed v. Cracker Barrel Old Country Store, Inc.*, 171 F. Supp. 2d 751, 755 (M.D. Tenn. 2001). In seeking an alteration of the Clerk's taxation of costs, "'[t]he party objecting to the clerk's taxation has the burden of persuading the court that it was improper.'" *BDT Prods., Inc. v. Lexmark Int'l, Inc.*, 405 F.3d 415, 420 (6th Cir. 2005) (quoting 10 Charles Alan Wright et al., *Federal Practice and Procedure* § 2679 (3d ed. 1998)). Accordingly, the burden rests on Plaintiff to persuade the Court that the amount taxed by the Clerk of $4,570.95 is insufficient or inaccurate.

In making the determination of costs, the Clerk relied by incorporation on the arguments laid out in Defendant's Objections to Plaintiff's Amended Bill of Costs, and made the reduction as requested by Defendant for the reasons stated in Defendant's Objections. (Doc. No. 212 (referencing Doc. No. 208)). Therefore, in order to seek sufficient review of the Clerk's Taxation of Costs, Plaintiff must respond to Defendant's Objections in order to persuade the Court that the Taxation was improper. Plaintiff has largely failed to do so. In her Motion for

Review, Plaintiff provides only a reference to her Memorandum in Support as providing the rationale for her request for review. (Doc. No. 223.) Upon examination, Plaintiff's Memorandum fails to address the majority of the costs denied by the Clerk, and provides rationales only for her requests for costs for court reporters' transcripts and costs for exemplification and copies. As such, the Court finds that Plaintiff has not carried her burden in challenging the Clerk's taxation of costs for a majority of the costs taxed. Therefore, requests for costs that were not granted by the Clerk are denied, apart from the requests for costs for court reporters' transcripts and copies, which will be addressed below.

### 1. Costs for Court Reporters' Transcripts

Plaintiff seeks an award of costs of $7,839.72 for fees for printed or electronically recorded transcripts necessarily obtained for use in this case. (Doc. No. 204 at 1.) Plaintiff's Memorandum asks the Court to award costs for deposition transcripts where the Court determines "it was 'necessarily obtained for use in the case.'" (Doc. No. 210 at 12) (quoting *LeVay Corp. v. Dominion Fed. Savings & Loan Assoc.*, 930 F.R.D. 522, 528 (4th Cir. 1987)). Defendant challenged $3,804.47 of that request on the grounds that the costs were not recoverable as costs under 28 U.S.C. § 1920, or, in the alternative, were not reasonable or necessary for use in this case. (Doc. No. 208 at 2-12.)

### i. Not Recoverable as Costs

Defendant challenged $1,687.25 in costs billed as printed or electronically recorded transcripts as non-recoverable fees. Upon examination, these costs appear to be fees for legal services performed by Netwon, Becker, Bouwkamp and Pendoski, PC, Attorneys at Law. The itemized receipt billed Plaintiff for such activities as "review voicemail," "prepare letter," "examine law re: service of out of state witness subpoena," and "file pleading in district court."

(Doc. No. 204-2 at 18-21.)  The Court finds that these fees are for legal services are not recoverable as costs, especially not as costs billed as printed or electronically recorded transcripts.  As such, the Clerk's denial of such costs to Plaintiff is affirmed.

Defendant further challenged $28.00 in costs for postage relating to copies of transcripts, arguing that such costs are not enumerated in 28 U.S.C § 1920 and are therefore not recoverable. Plaintiff does not provide support for her claim that 28 U.S.C $ 1920 allows for recovery for postage costs, and the Court finds that she has not carried her burden in establishing that they are recoverable despite the fact that they are not specifically enumerated in the statute as recoverable costs.  As such, the Clerk's denial of such costs to Plaintiff is affirmed.

ii.    *Not Reasonable or Necessary*

Defendant challenged $405.35 in costs for the depositions of Karen Carey and Donald Payne, arguing that the subpoenas *duces tecum* and subsequent depositions were used to obtain several documents and testimony as to the authenticity of those documents which was never used in trial.  "Ordinarily, the cost of taking and transcribing depositions reasonably necessary for the litigation are allowed to the prevailing party.  Necessity is determined as of the time of taking, and the fact that a deposition is not actually used at trial is not controlling."  *Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir. 1989).  As such, the Court finds Defendant's argument without merit, and awards Plaintiff the requested costs of $405.35 for the depositions.

Defendant further challenged $50.00 in costs for the appearance fee for Alan Bouwkamp, a court reporter from Connor and Associates, where Plaintiff canceled the deposition after the reporter had already arrived.  Defendant argued that the appearance was unnecessary because Plaintiff knew the day prior that the deposition had been rescheduled and therefore could have prevented the costs from being incurred.  (Doc. No. 208 at 8.)  The Court finds that this cost was

indeed unnecessary, as evidenced by the letter from Plaintiff's attorney attached as an exhibit to Defendant's Response in Opposition, confirming the rescheduled deposition the day prior to the date the cost was incurred. (Doc. No. 208-4). As such, the Clerk's denial of such costs to Plaintiff is affirmed.

Finally, Defendant challenged three cost requests on the grounds that Plaintiff failed to specify the purpose of these costs and to what end they were used. Defendant challenged $1,155.99 in costs for work of a court reporter named LaVonne Cleeton for an unspecified deposition; $460.00 in costs for copies of transcripts and DVDs of video depositions which Defendant argued were unnecessary and solely for Plaintiff's counsels' convenience; and $17.88 for fees for printed and electronically recorded transcripts where the invoices in that category totaled less than the amount requested on Plaintiff's Bill of Costs. Because there is no documentation provided to identify the nature of these costs, the Court is unable to determine whether these costs were reasonably necessary for use in this case. As such, the Clerk's denial of such costs to Plaintiff is affirmed.

### 2. Costs for Exemplification and Making Copies

Plaintiff seeks an award of costs of $4,925.20 for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case. (Doc. No. 204 at 1.) Defendant objects to the entire request for these costs, arguing that "because of the limited documentation provided by [Plaintiff] to support her purported copying and exemplification costs, it cannot be said that these costs were incurred for copies 'necessarily obtained for use in the case.'" (Doc. No. 208 at 11.) Plaintiff's Memorandum provides no indication of the purpose or use of these copies, and only cites law standing for the proposition that such copies may be taxable as costs *if* the Court finds they were necessarily obtained for use

in the case.  (Doc. No. 210 at 13.)  Without any supportive documentation or declarations as to the nature of the documents copied or their use, the Court is unable to determine whether these costs were reasonably necessary for use in this case.  As such, the Clerk's denial of such costs to Plaintiff is affirmed.

3.  Final Costs Taxed

After review of the Clerk's Final Taxation of Costs, the Court awards Plaintiff the original taxation of costs in the amount of $4,570.95, and further awards Plaintiff the additional costs of $405.35 for the depositions of Karen Carey and Donald Payne.  In total, the Court awards Plaintiff costs in the amount of $4,976.30.


IV.  CONCLUSION

Plaintiff's Fee Motions and Motion for Review are **GRANTED** with the foregoing adjustments.  The Court finds that Plaintiff is entitled to an award of **$56,105.00** for Mr. Allman's work, **$153,934.00** for Ms. Rogers' work, and **$4,976.30** in costs.

It is so ORDERED.

Entered this the 2nd day of August, 2011.


JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT